UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBConversions LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Now Solutions, Inc.;<br>Vertical Computer Systems,<br>Inc.; Priority Time<br>Systems, Inc.; Ivo<br>Vasconcelos; Accent<br>Networks, Inc.; and Does 1-<br>10,<br><br>　　　　　Defendants. | CV 13-00853 RSWL (ANx)<br><br>**ORDER Re: DEFENDANTS'<br>MOTION TO DISMISS FOR<br>LACK OF PERSONAL<br>JURISDICTION AND/OR<br>TRANSFER THIS CASE TO<br>DALLAS, TEXAS** [15] |

　　Currently before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by specially appearing Defendants Now Solutions, Inc. ("NOW") and Vertical Computer Systems, Inc. ("VCS"; collectively "Defendants") [15].  The Court, having considered all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

1

Defendants' Motion to Dismiss is **GRANTED**.

## I. INTRODUCTION

Plaintiff is a California company that develops software to quickly and easily convert computer programming language from one format to another. First Amended Complaint ("FAC") ¶ 3. Plaintiff sells licenses on the Internet for customers to use such software on their own computers. Id. As part of the marketing for Plaintiff's software, Plaintiff offers potential customers a fifteen-day trial version of the software program, which enables customers to temporarily test the program before purchasing a license to use it. Id. at ¶ 10.

Defendants are corporations incorporated in Delaware with their principal places of business in Richardson, Texas. FAC ¶¶ 4, 5; Wade Decl. ¶¶ 2, 4. Defendant NOW engages in the business of payroll and human resource software and services, and Defendant VCS is a holding company for various subsidiaries, including NOW. Wade Decl. ¶¶ 2, 5. Plaintiff alleges that Defendant Ivo Vasconcelos is an individual employed by Defendants as a software developer and programmer. FAC ¶ 8. Plaintiff claims that Defendant Vasconcelos, working from a computer in Rio de Janeiro, Brazil, used a fraudulent code to "hack" into Plaintiff's software on multiple occasions, illegally reproduced the program and adapted the same, and directed it to Defendants for their benefit without

Defendants having purchased a license from Plaintiff to do so.  Id. at ¶¶ 27, 28, 37.

Plaintiff filed the present Action against multiple defendants, including Defendants VCS, NOW, and Vasconcelos, alleging various copyright infringement claims [1].  On April 30, 2013, Defendants VCS and NOW specially appeared to file the instant Motion in order that the Court might dismiss this Action for lack of personal jurisdiction or, alternatively, transfer it to the Northern District of Texas [15].

## II. DISCUSSION

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a district court cannot proceed against a defendant over which it lacks personal jurisdiction unless that defendant has waived the requirement.  See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702–03 (1982).  Because no applicable federal statute governs jurisdiction in this case, California personal jurisdiction law applies.  See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  The exercise of personal jurisdiction over a nonresident defendant requires the presence of two factors: (1) California's laws must provide a basis for exercising personal jurisdiction, and (2) the assertion of personal jurisdiction must comport with due process.  Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986).

California's long arm statute permits the exercise of personal jurisdiction to the fullest extent permitted by due process. See Cal. Civ. Proc. Code § 410.10; Panavision, 141 F.3d at 1320. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004). Thus, only a due process analysis is required here.

Due process requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The plaintiff bears the burden of proving that each defendant has sufficient minimum contacts with the forum state that warrant the court's exercise of personal jurisdiction. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003) ("Personal jurisdiction over each defendant must be analyzed separately."); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Depending on the nature and scope of the defendant's contacts with the forum, jurisdiction may be general or specific to a cause of action. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

When a defendant's contacts with the forum state are "substantial" or "continuous and systematic," general jurisdiction may be exercised over that defendant for any cause of action, even if it is unrelated to the defendant's activities within the forum state. <u>Schwarzenegger</u>, 374 F.3d at 801-02; <u>Data Disc, Inc. v. Sys. Tech. Assocs.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977). In cases where a defendant's contacts are insufficient to support an exercise of general jurisdiction, more limited specific jurisdiction may be found where a cause of action arises out of or is related to the defendant's activities in the forum state. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472-73 (1985); <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995). "Specific jurisdiction may be exercised with a lesser showing of minimum contacts than is required for the exercise of general jurisdiction." <u>ACORN v. Household Int'l, Inc.</u>, 211 F. Supp. 2d 1160, 1164 (C.D. Cal. 2002). The Ninth Circuit uses a three-part test to determine whether there is specific jurisdiction over a defendant: (1) the defendant either purposefully directed its activities at the forum or purposefully availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities; and (3) the court's exercise of personal jurisdiction over the

defendant is reasonable. Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008).

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Ballard, 65 F.3d at 1498. In order to make a prima facie showing, the plaintiff must produce admissible evidence, which, if believed, would be sufficient to establish the Court's personal jurisdiction. Enriquez v. Interstate Grp., LLC, No. 11-CV-05155 YGR, 2012 WL 3800801 at *3 (N.D. Cal. Aug. 31, 2012). Accordingly, a district court is to take uncontroverted allegations in the complaint as true. AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

However, "mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone." Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967). See also Chem Lab Prods., Inc. v. Stepanek, 554 F.2d 371, 372 (9th Cir. 1977); Cummings v. W. Trial Lawyers Ass'n, 133 F. Supp. 2d 1144, 1154 (D. Ariz. 2001). Parties may go beyond the pleadings and support their positions with discovery materials, affidavits, or declarations. Am. Inst. of Intradermal Cosmetics, Inc. v. Soc'y of

1  Permanent Cosmetic Professionals, No. CV 12-06887 GAF
2  JCGX, 2013 WL 1685558 at *4 (C.D. Cal. Apr. 16, 2013).
3  "[C]onflicts between the facts contained in the
4  parties' affidavits must be resolved in [the
5  plaintiff's] favor for purposes of deciding whether a
6  prima facie case for personal jurisdiction exists."
7  AT&T, 94 F.3d at 588.  "At the same time, however, the
8  plaintiff must submit *admissible* evidence in support of
9  its prima facie case."  Am. Inst. of Intradermal
10 Cosmetics, 2013 WL 1685558 at *4 (emphasis added).
11 **B.   Analysis**
12      Although Defendants are the moving Parties on this
13 Motion, Plaintiff bears the burden of establishing that
14 this Court's personal jurisdiction over Defendants
15 does, in fact, exist.  Rio Props., 284, F.3d at 1019.
16 Given Plaintiff's admission that the Court lacks
17 general jurisdiction, Opp'n 5:23-25, only specific
18 jurisdiction is at issue here.  Because this Motion is
19 based on written materials rather than an evidentiary
20 hearing, Plaintiff need only make a prima facie showing
21 of personal jurisdiction.  Schwarzenegger, 374 F.3d at
22 800.  In attempting to make such a showing, Plaintiff
23 disregards its allegation in the FAC that personal
24 jurisdiction is based on an alleged licensing agreement
25 between the Parties, see FAC ¶ 1, and instead focuses
26 on Defendant Vasconcelos' alleged employment with
27 Defendants.  It appears that Plaintiff believes it can
28 make a prima facie showing of jurisdiction based on a

                                7

1  theory of respondeat superior.  Accordingly, if
2  Plaintiff established that Defendant Vasconcelos was
3  working for Defendants when he "hacked" into
4  Plaintiff's software program and that he committed such
5  unlawful conduct within the scope of his employment,
6  then perhaps there would be grounds for the Court to
7  exercise personal jurisdiction over Defendants based on
8  a theory of respondeat superior.  See <u>Piping Rock
9  Partners, Inc. v. David Lerner Assocs., Inc.</u>, No. C 12-
10 04634 SI, 2012 WL 5471143 at *8 (N.D. Cal. Nov. 9,
11 2012).  However, the Court need not make that
12 determination here because Plaintiff has not
13 established such underlying facts.
14      Whereas uncontroverted factual allegations in a
15 complaint must be accepted as true for purposes of
16 personal jurisdiction, "a plaintiff's version of the
17 facts is not taken as true if it is directly
18 contravened."  <u>Am. Inst. of Intradermal Cosmetics</u>, 2013
19 WL 1685558 at *4.  The issue of whether an employer-
20 employee relationship ever existed between Defendants
21 and Defendant Vasconcelos is staunchly disputed by the
22 Parties and, in fact, directly contravened by the
23 Declaration of Mr. Richard Wade, the President and CEO
24 of Defendant VCS and Chairman of Defendant NOW.  <u>See</u>
25 Wade Decl., ¶ 6.  Plaintiff attempts to rebut Mr.
26 Wade's Declaration by submitting a nondescript piece of
27 paper with the email address
28 "ivovasconcelos@nowsolutions.com" repeatedly printed on

8

it and a computer printout of Defendant Vasconcelos' purported resume posted on the website LinkedIn.com. See Opp'n Exs. C & E. However, this evidence is inadmissible for purposes of this Motion because "affidavits and exhibits submitted in support of the Response to the [motion to dismiss] must comply with the Rules of Evidence," McReynolds v. Lowe's Companies, Inc., No. CV 08-335-S-EJL, 2008 WL 5234047 at *5 (D. Idaho Dec. 12, 2008) (alteration in original), and the aforementioned evidence does not do so. First, Plaintiff has failed to authenticate the document with Defendant Vasconcelos's purported email address repeatedly printed on it, see Fed. R. Evid. 901, and second, as noted by Defendants, the LinkedIn.com document is hearsay that does not fall under any recognized exception, see Fed. R. Evid. 801, 803. Thus, Plaintiff's position is based on mere allegations that Defendant Vasconcelos was employed by Defendants, rather than facts showing as much, which is insufficient for a prima facie showing that personal jurisdiction over Defendants exists. Am. Inst. of Intradermal Cosmetics, 2013 WL 1685558 at *4 (citing Taylor, 383 F.2d at 639).

Furthermore, Plaintiff's evidence that the computer in Brazil used to hack into Plaintiff's software program was registered under the name "Vertical," that the trial program being used when Plaintiff's software was hacked was registered under the name and email

1  address "now," and that Defendant NOW has an office at
2  the same Brazilian address as Vertical do Brasil
3  Sistemas de Computacao Ltda, a third-party corporation,
4  does not establish an employer-employee relationship
5  between Defendants and Defendant Vasconcelos or
6  otherwise show that Defendants purposefully directed
7  any activities at California giving rise to Plaintiff's
8  claims.  Accordingly, because Plaintiff has not met its
9  burden of proving that personal jurisdiction over
10 Defendants exists, the Court **GRANTS** Defendants' Motion
11 to Dismiss for Lack of Personal Jurisdiction.

## IV. CONCLUSION

13    The Court finds that Plaintiff has failed to meet
14 its burden of establishing that the Court has personal
15 jurisdiction over Defendants.  Specifically, Plaintiff
16 has not submitted sufficient admissible evidence to
17 establish that Defendants have purposefully directed
18 activities at California that give rise to Plaintiff's
19 claims or that Defendants are subject to personal
20 jurisdiction based on a theory of respondeat superior.
21 Accordingly, Defendants' Motion to Dismiss is **GRANTED.**
22 Plaintiff's First Amended Complaint is dismissed as to
23 Defendants Now Solutions, Inc. and Vertical Computer
24 Systems, Inc. **without leave to amend**, for it appears
25 that "allegation of other facts consistent with the
26 challenged pleading could not possibly cure the
27 deficiency." Schreiber Distrib. Co. v. Serv-Well
28 ///

Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IT IS SO ORDERED.**

Dated: May 30, 2013.

          RONALD S.W. LEW
          _____
          **HONORABLE RONALD S. W. LEW**
          U.S. District Court Judge